IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELUME CORPORATION TRUST, and DENNY FOY, SHAWN GRADY and MARIE HOCHSTEIN, TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>SWARCO AMERICA, INC., SWARCO TRAFFIC AMERICAS, INC. and PHILIPS LUMILEDS LIGHTING COMPANY LLC<br><br>Defendants. | Civil Action No.:<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Relume Corporation Trust and Denny Foy, Shawn Grady and Marie Hochstein, Trustees of the Relume Corporation Trust (collectively "RCT") complain of Defendants Swarco America, Inc., Swarco Traffic Americas, Inc. and Philips Lumileds Lighting Company LLC as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Denny Foy ("Foy") is a resident of the State of Arizona who resides in Phoenix, Arizona.

3. Shawn Grady ("Grady") is a resident of the State of Michigan who resides in Okemos, Michigan.

4. Marie Hochstein is a resident of the State of Michigan who resides in Troy, Michigan, and is the successor trustee to the late Peter Hochstein with respect to the Relume

Corporation Trust.

5. Relume Corporation Trust is a trust governed by and construed in accordance with the laws of the State of Michigan.

6. Relume Corporation Trust owns all right, title and interest in United States Patent No. RE 42,161 E, entitled "Power Supply for Light Emitting Diode Array," which issued on February 22, 2011 (the "'161 Patent") (a true and correct copy of the Patent is attached as Exhibit A), and is a reissue of United States Patent No. 5,661,645, entitled "Power Supply for Light Emitting Diode Array," which issued on August 26, 1997 (the "'645 Patent").

7. Through the authority of a valid agreement and declaration of trust dated June 1, 2009, Foy and Grady became and remain trustees of Relume Corporation Trust, and Peter Hochstein as well, now deceased, became a trustee of Relume Corporation Trust.

8. Following the death of Peter Hochstein, Marie Hochstein was appointed successor trustee to Peter Hochstein for the Relume Corporation Trust and remains as successor trustee at this time.

9. As trustees of Relume Corporation Trust, Foy, Grady and Marie Hochstein have the right to bring suit for infringement of the '161 Patent.

10. Defendant Swarco America, Inc. is a Delaware corporation having its principal place of business at 270 Rutherford Lane, Columbia, Tennessee, 38401. Swarco AG is the umbrella organization holding the shares in over 80 companies in 26 countries, including Defendant Swarco America, Inc. holds Swarco AG's United States operations, including Defendant Swarco Traffic Americas, Inc.

11. Defendant Swarco Traffic Americas, Inc. is a Tennessee corporation having its principal place of business at 270 Rutherford Lane, Columbia, Tennessee, 38401. Swarco Traffic

Americas, Inc.'s products include light emitting diode (LED) traffic modules, dynamic message signs, prism signs, multi-message blank-out signs and street lights. Defendants Swarco America, Inc. and Swarco Traffic Americas, Inc. are hereinafter collectively referred to as "Swarco."

12. Defendant Philips Lumileds Lighting Company LLC ("Philips Lumileds") is a Delaware limited liability company having its principal place of business at 370 West Trimble Road, San Jose, California, 95131. Philips Lumileds is a designer, developer, manufacturer and seller of light emitting diode (LED) lighting systems and solutions. Philips Lumileds is one of the major suppliers to Swarco for LED traffic signaling products.

## JURISDICTION AND VENUE

13. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

14. Defendant Swarco America, Inc., the holder of Swarco's United States operations, is incorporated in Delaware and conducts business in this judicial district itself and through its holdings such as Defendant Swarco America, Inc. including, at least, offering for sale the products accused of infringement herein to residents of this judicial district. Swarco is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Delaware such that it should reasonably and fairly anticipate being brought into court in Delaware.

15. This Court also has personal jurisdiction over Swarco by virtue of Swarco America, Inc.'s status as a Delaware Corporation with a Delaware registered agent, BlumbergExcelsior Corporate Services, Inc., 1220 North Market Street, Suite 806, Wilmington, Delaware, 19801.

16.  Philips Lumileds is limited liability company organized and existing under the laws of the State of Delaware and conducts business in this judicial district including, at least, by providing LED driver boards to Swarco for the products accused of infringement herein which are offered for sale to residents of this judicial district. Philips Lumileds is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Delaware such that it should reasonably and fairly anticipate being brought into court in Delaware.

17.  This Court also has personal jurisdiction over Philips Lumileds by virtue of Philips Lumileds' status as a Delaware limited liability company with a Delaware registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

18.  Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

### COUNT I - PATENT INFRINGEMENT BY SWARCO

19.  Plaintiffs repeat and incorporate by reference all foregoing allegations as if fully restated herein.

20.  Swarco has known about the '161 Patent and its infringement since at least July 12, 2012 when Plaintiffs wrote to Swarco AG, Swarco America, Inc. and Swarco Traffic Americas, Inc. and provided such notice.

21.  Plaintiffs exchanged correspondence with Swarco until at least November 13, 2012, when Michael Schuch, Managing Director for Swarco Futurit Verkehrssignalsysteme Ges.m.b.H., referred Plaintiffs to discuss the matter further with Kevin Simons, Senior IP Counsel at Philips Lumileds.

22. Swarco has a line of products called FUTURLED ITE traffic signal modules.

23. Swarco makes its FUTURLED ITE traffic signal modules.

24. Swarco uses its FUTURLED ITE traffic signal modules.

25. Swarco offers to sell its FUTURLED ITE traffic signal modules.

26. Swarco sells its FUTURLED ITE traffic signal modules.

27. Swarco has sold more than 1,500,000 FUTURLED ITE traffic signal modules.

28. Swarco imports its FUTURLED ITE traffic signal modules.

29. Swarco's FUTURLED ITE traffic signal modules were designed to replace incandescent lamps in round traffic signal applications.

30. Swarco's FUTURLED ITE traffic signal modules have an electrical input for coupling to a source of alternating current (AC) line voltage.

31. Swarco's FUTURLED ITE traffic signal modules have a rectifier.

32. Swarco's FUTURLED ITE traffic signal modules have a power supply.

33. Swarco's FUTURLED ITE traffic signal modules have a plurality of light emitting diodes (LEDs).

34. Swarco's FUTURLED ITE traffic signal modules have a power supply for powering LEDs.

35. Swarco's FUTURLED ITE traffic signal modules' power supplies are switchmode power supplies.

36. Philips Lumileds is a supplier to Swarco for Swarco's LED traffic signaling products, specifically including the FUTURLED ITE traffic signal modules.

37. Philips Lumileds provides an LED driver board part number LED120A0900C13FM to Swarco for Swarco's FUTURLED ITE traffic signal modules

including at least the Swarco Model No. FL-8R-S2.

38. Swarco claims on its datasheets that its FUTURLED ITE traffic signal modules meet or exceed ITE VTCSH-Standard of 2005.

39. Swarco's FUTURLED ITE traffic signal modules are compliant with the Institute of Transportation Engineers "Vehicle Traffic Control Signal Heads: Light Emitting Diode (LED) Circular Signal Supplement" ("ITE VTCSH LED Circular Signal Supplement"), June 2005, Section 5.6, Controller Assembly Compatibility.

40. The ITE VTCSH LED Circular Signal Supplement, June 2005, Section 5.6.1 provides that "The current draw shall be sufficient to ensure compatibility and proper triggering and operation of load current switches and conflict monitors in signal controller units."

41. The ITE VTCSH LED Circular Signal Supplement, June 2005, Section 5.6.2 provides that "Off State Voltage Decay: When the module is switched from the on state to the off state the terminal voltage shall decay to a value less than 10 VAC RMS in less than 100 milliseconds when driven by a maximum allowed load switch leakage current of 10 milliamps peak (7.1 milliamps AC)."

42. Swarco's FUTURLED ITE traffic signal modules have conflict monitor compatibility circuitry.

43. Swarco's FUTURLED ITE traffic signal modules' conflict monitor compatibility circuitry includes a transistor biased as a switch to switch in a low impedance load in the presence of leakage current from a roadside traffic controller switch.

44. Swarco generates revenue and profits from its sales of FUTURLED ITE traffic signal modules.

45.     Swarco has infringed and continues to infringe at least claims 24, 25, 26, 29 and 31 of the '161 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, making, using, selling, offering to sell and importing into the United States the FUTURLED ITE traffic signal modules line of products including, without limitation, Swarco Model Nos. FL-8R-S2, FL-8Y-S2, FL-8G-S2, FL-12R-S2, FL-12Y-S2 and FL-12G-S2, and other signal modules with different model names or numbers but with the same or substantially the same designs, features and functionalities as the foregoing models (the "Accused Swarco Products"), such as their switchmode power supply for powering LEDs and their conflict monitor compatibility circuitry.

46.     To the extent required by law, RCT has complied with the provisions of 35 U.S.C. § 287 with respect to the '161 Patent.

47.     Swarco was placed on notice of the '161 Patent and its infringement on July 12, 2012, yet has continued its unlicensed and unauthorized infringement with no regard to the '161 Patent or Plaintiffs' rights. This infringement continues today despite an objectively high likelihood that Swarco's actions constitute infringement of the '161 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to Swarco. To date, Swarco has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. Swarco's infringement of the '161 Patent has been willful, deliberate and objectively reckless.

48.     Swarco's direct infringement of the '161 Patent by making, using, selling, offering to sell and importing into the United States the Accused Swarco Products has injured RCT and RCT is entitled to recover damages adequate to compensate it for such infringement,

but in no event less than a reasonable royalty, as well as increased damages for Swarco's willful infringement.

## COUNT II - PATENT INFRINGEMENT BY PHILIPS LUMILEDS

49. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1 through 18 as if fully restated herein.

50. Swarco has a line of products called FUTURLED ITE traffic signal modules.

51. Philips Lumileds is a supplier to Swarco for Swarco's LED traffic signaling products, specifically including the FUTURLED ITE traffic signal modules.

52. Philips Lumileds has known about the '161 Patent and its infringement since at least November 14, 2012, when Plaintiffs forwarded a copy of their July 12, 2012 Swarco notice of infringement letter to Kevin Simons, Senior IP Counsel for Philips Lumileds.

53. Kevin Simons, Senior IP Counsel for Philips Lumileds, acknowledged prior receipt of the Swarco infringement notice letter on January 23, 2013.

54. On February 1, 2013, Kevin Simons confirmed to Plaintiffs that Swarco's LED traffic signal modules contain a Philips LED "driver board." Prior to November 14, 2012, Mr. Simons received various phone calls from Timothy Haller, counsel for RCT. Mr. Haller advised Mr. Simons of the issuance of the '161 Patent in view of prior litigation between the parties with respect to the '645 Patent. Mr. Simons told Mr. Haller that Philips Lumileds was not involved in any relevant activity and was not interested in acquiring any rights under the '161 Patent.

55. Philips Lumileds provides an LED driver board part number LED120A0900C13FM to Swarco for Swarco's FUTURLED ITE traffic signal modules including at least the Swarco Model No. FL-8R-S2.

56. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds

LED driver boards have an electrical input for coupling to a source of alternating current (AC) line voltage.

57. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have a rectifier.

58. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have a power supply.

59. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have a plurality of light emitting diodes (LEDs).

60. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have a power supply for powering LEDs.

61. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have power supplies that are switchmode power supplies.

62. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards are compliant with the Institute of Transportation Engineers "Vehicle Traffic Control Signal Heads: Light Emitting Diode (LED) Circular Signal Supplement" ("ITE VTCSH LED Circular Signal Supplement"), June 2005, Section 5.6, Controller Assembly Compatibility.

63. The ITE VTCSH LED Circular Signal Supplement, June 2005, Section 5.6.1 provides that "The current draw shall be sufficient to ensure compatibility and proper triggering and operation of load current switches and conflict monitors in signal controller units."

64. The ITE VTCSH LED Circular Signal Supplement, June 2005, Section 5.6.2 provides that "Off State Voltage Decay: When the module is switched from the on state to the off state the terminal voltage shall decay to a value less than 10 VAC RMS in less than 100

milliseconds when driven by a maximum allowed load switch leakage current of 10 milliamps peak (7.1 milliamps AC)."

65. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have conflict monitor compatibility circuitry.

66. Swarco's FUTURLED ITE traffic signal modules that include Philips Lumileds LED driver boards have conflict monitor compatibility circuitry which includes a transistor biased as a switch to switch in a low impedance load in the presence of leakage current from a roadside traffic controller switch.

67. Philips Lumileds generates revenue and profits from its sales of LED driver boards to Swarco for use in Swarco FUTURLED ITE traffic signal modules.

68. Philips Lumileds has indirectly infringed at least claims 24, 25, 26, 29 and 31 of the '161 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Philips Lumileds has known about the '161 Patent and its infringement since at least November 14, 2012. Philips Lumileds has knowingly and actively induced infringement of at least claims 24, 25, 26, 29 and 31, for example, through the foregoing activities including, without limitation, making, using, selling, offering to sell, importing and otherwise providing the LED driver board to Swarco for the Accused Swarco Products, and by causing, urging, instructing, aiding, assisting and encouraging the manufacture, use, sale, offer for sale and/or importation of the Accused Swarco Products in a manner that infringes at least claims 24, 25, 26, 29 and 31 of the '161 Patent. The direct infringers that are being induced by Philips Lumileds include, without limitation, Swarco and its customers, resellers and users that have made, used, sold, offered for sale and/or imported the Accused Swarco Products.

69. Philips Lumileds has also indirectly infringed at least claims 24, 25, 26, 29 and 31 of the '161 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, without limitation, making, using, selling, offering to sell, importing and otherwise providing the LED driver board to Swarco for the Accused Swarco Products, and by causing, urging, instructing, aiding, assisting, authorizing, providing for and/or encouraging the manufacture, use, sale, offer for sale and/or importation of the Accused Swarco Products, for which Philips Lumileds' LED driver board constitutes a material part of the patented inventions of claims 24, 25, 26, 29 and 31 of the '161 Patent, which Philips Lumileds knew were especially made or adapted for use in an infringement of at least claims 24, 25, 26, 29 and 31 of the '161 Patent, and which were not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Philips Lumileds' contributory infringement under 35 U.S.C. § 271(c) includes, without limitation, Swarco and its customers, resellers and users that have made, used, offered for sale, sold and/or imported the Accused Swarco Products.

70. To the extent required by law, RCT has complied with the provisions of 35 U.S.C. § 287 with respect to the '161 Patent.

71. Swarco was placed on notice of the '161 Patent and its infringement on July 12, 2012, and Philips Lumileds has been aware of its indirect infringement since at least November 14, 2012, yet Philips Lumileds has continued its unlicensed and unauthorized infringement with no regard to the '161 Patent or Plaintiffs' rights. This infringement continues today despite an objectively high likelihood that Philips Lumileds' actions constitute infringement of the '161 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to Philips Lumileds. To date, Philips Lumileds has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable

defense of noninfringement, invalidity or unenforceability. Philips Lumileds' infringement of the '161 Patent has been willful, deliberate and objectively reckless.

72. Philips Lumileds' indirect infringement of the '161 Patent by making, using, selling, offering to sell and/or importing into the United States LED driver boards for the Accused Swarco Products has injured RCT and RCT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as well as increased damages for Philips Lumileds' willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RCT respectfully asks this Court to enter judgment against Defendants Swarco and Philips Lumileds and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiff RCT and against Defendants Swarco and Philips Lumileds;

B. An award of damages as to Defendants Swarco and Philips Lumileds adequate to compensate Plaintiff RCT for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An award of increased damages for Defendants Swarco's and Philips Lumileds' willful infringement;

D. A finding that this case is exceptional and an award to Plaintiff RCT of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

E. Such other relief that RCT is entitled to under law, and any other and further relief

that this Court or a jury may deem just and proper.

## JURY DEMAND

RCT demands a trial by jury on all issues presented in this Complaint.

Dated: March 27, 2013

*Of Counsel:*

Timothy J. Haller
Brian E. Haan
Daniel R. Ferri
NIRO, HALLER & NIRO, LTD.
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
bhaan@nshn.com
dferri@nshn.com

Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
333 North Michigan Avenue, 27th Floor
Chicago, IL 60601
Phone: (312) 551-9500
Fax: (312) 551-9501
rpg@fg-law.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 00478)
PAZUNIAK LAW OFFICE LLC
1201 Orange Street, 7th Floor, Suite 7114
Wilmington, DE 19801
Phone: (302) 478-4230
gp@del-iplaw.com

*Attorneys for Plaintiffs Relume Corporation Trust and Denny Foy, Shawn Grady and Marie Hochstein, Trustees*